1   BONNETT, FAIRBOURN, FRIEDMAN
&   & BALINT, P.C.
2   ANDREW S. FRIEDMAN (*To be admitted Pro Hac Vice*)
    ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
3   PATRICIA N. SYVERSON (203111)
    2901 N. Central Ave., Suite 1000
4   Phoenix, AZ 85012
    afriedman@bffb.com
5   eryan@bffb.com
    psyverson@bffb.com
6   Telephone:   (602) 274-1100

7   BONNETT, FAIRBOURN, FRIEDMAN
    & BALINT, P.C.
8   TODD D. CARPENTER (234464)
    600 W. Broadway, Suite 900
9   San Diego, California 92101
    tcarpenter@bffb.com
10  Telephone:  619-756-6978

11  FUTTERMAN HOWARD ASHLEY
    & WELTMAN, P.C.
12  STEWART WELTMAN (*To be admitted Pro Hac Vice*)
    122 S. Michigan Avenue, Suite 1850
13  Chicago, Illinois 60603
    SWELTMAN@FUTTERMANHOWARD.COM
14  Telephone:  312-427-3600

15  Attorneys for Plaintiff

16                    **UNITED STATES DISTRICT COURT**
                    **EASTERN DISTRICT OF CALIFORNIA**
17

18  LILIANA CARDENAS, On Behalf of        Case No.:  2:11-CV-01615-LKK-EFB
    Herself and All Other Similarly Situated
    California Residents,                  **CLASS ACTION**
19
                    Plaintiff,            **FIRST AMENDED CLASS ACTION**
20                                        **COMPLAINT FOR:**
            v.
21                                        1.   VIOLATION OF THE
    NBTY, INC., a Delaware corporation and     CONSUMERS LEGAL REMEDIES
22  REXALL SUNDOWN, INC., a Florida           ACT, Civil Code §1750 *et seq.*;
    corporation,                          2.   VIOLATION OF THE UNFAIR
23                                             COMPETITION LAW, Business and
                    Defendants.               Professions Code §17200 *et seq.*; and
24                                        3.   BREACH OF EXPRESS
                                              WARRANTY.
25
                                          DEMAND FOR JURY TRIAL
26

27

28

Pursuant Plaintiff Liliana Cardenas ("Plaintiff"), by and through her attorneys, brings this action on behalf of herself and all other similarly situated California residents against Defendants NBTY, Inc. and Rexall Sundown, Inc. (collectively "Defendants"), and alleges as follows:

## NATURE OF ACTION

1.      Forty-six million Americans suffer from arthritis.  Osteoarthritis, also called degenerative joint tissue disease, is the most prevalent and disabling form of arthritis.  Osteoarthritis is caused by the breakdown of cartilage, which is the connective tissue that cushions the ends of bones within the joint.  Osteoarthritis is characterized by pain, joint damage, and limited motion (hereafter referred to as the "three major symptoms of arthritis").  The disease generally occurs late in life, and most commonly affects the hands and large weight bearing joints, such as the knees, hips and back.  There is no cure for the three major symptoms of arthritis.  Yet, Defendants promise a cure for each of the three major symptoms of arthritis in the form of a pill which they manufacture, market, and sell as the Osteo Bi-Flex line of joint health dietary supplements.[1]

2.      It has been the accepted standard for over four decades in both the medical and scientific community, that in order for someone to make a health benefit claim about a product, the party making that claim must possess competent scientific evidence—meaning that they have at least two adequate and well controlled clinical trials supporting a particular health benefit claim about a particular product (hereafter referred to as "competent scientific evidence").

3.      On each and every Osteo Bi-Flex product label and/or package, Defendants prominently state that Osteo Bi-Flex will "promote mobility", "renew cartilage", "maintain healthy connective tissue" and "improve joint comfort."

---

[1] The Osteo Bi-Flex line includes: (1) Osteo Bi-Flex One Per Day; (2) Osteo Bi-Flex Triple Strength; (3) Osteo Bi-Flex Double Strength; (4) Osteo Bi-Flex Triple Strength with Vitamin D; (5) Osteo Bi-Flex MSM; (6) Osteo Bi-Flex Energy Formula; (7) Osteo Bi-Flex Regular Strength; and (8) Osteo Bi-Flex Advanced (collectively, "Osteo Bi-Flex" or "the Products").

4.     In making these affirmative representations, Defendants represent to each purchaser of Osteo Bi-Flex that they have competent scientific evidence that these Products are effective in relieving and reducing the three major symptoms of arthritis and other joint related ailments.

5.     Yet, Defendants do not possess such competent scientific evidence.  In fact, the Osteo Bi-Flex products are not effective arthritis remedies.  In short, Defendants have not obtained the necessary scientific proof with regard to each of the Osteo Bi-Flex products they market and sell in order to make the representations that they have made about each of these Products.

6.     As a result, Defendants are guilty of deceptive conduct in their marketing and sales of the Osteo Bi-Flex products.

7.     Defendants are also guilty of deception by omission in that, after affirmatively asserting that these Products are effective remedies against the three major symptoms of arthritis, Defendants had a duty to tell Plaintiff and the Class members that they did not have competent scientific evidence to support the efficacy representations that they make about the Osteo Bi-Flex products.

8.     By making representations on the box of each Osteo Bi-Flex product that it was an arthritis remedy, Defendants represented (and continue to represent) to Plaintiff and the Class members that they had competent scientific evidence to back up these assertions when they did not possess such evidence.   These were material misrepresentations concerning the only reason that Plaintiff and the Class members would have purchased Defendants' Osteo Bi-Flex products—that they were proven by competent scientific evidence to be effective against the three major symptoms of arthritis.

9.     Other than to use the Osteo Bi-Flex products to relieve these symptoms of arthritis, there is no reason for Plaintiff or the Class members to have purchased these Products.  Plaintiff and the Class members would not have purchased an Osteo Bi-Flex

product without believing that it was a proven effective arthritis remedy and that it provided relief from the three major symptoms of arthritis.

10. Thus, through the act of purchasing one of Defendants' Osteo Bi-Flex products, Plaintiff and each Class member necessarily was deceived by Defendants' representations that these Products were effective arthritis remedies and would provide relief from the three major symptoms of arthritis.

11. Plaintiff and the Class members were also deceived by Defendants in that, after affirmatively asserting that these Products would provide relief from the three major symptoms of arthritis, Defendants committed deception by omission in that they failed to inform Plaintiff and the Class members that they did not possess competent scientific evidence to support these health benefit claims.

12. Every purchase of the Osteo Bi-Flex products was tainted with Defendants' deceptions in that just by looking at the package on the shelf or following the directions for use, Plaintiff and the Class members would have seen Defendants' deceptive representations.

13. Defendants' deceptive marketing and advertising, as well as the complete lack of any disclosure that no competent scientific evidence exists to substantiate the claim that Osteo Bi-Flex will "promote mobility", "renew cartilage", "maintain healthy connective tissue", and "improve[] joint comfort", is designed to cause consumers to buy Osteo Bi-Flex. Defendants' deceptive marketing and advertising campaign has succeeded. Estimated sales of dietary supplements for osteoarthritis, including Osteo Bi-Flex, approached $820 million in 2006.[2]

14. Plaintiff brings this action on behalf of herself and other similarly situated California consumers who have purchased the Products to halt the dissemination of this false and misleading advertising message, correct the false and misleading perception it

---

[2] 2007 Nutrition Industry Overview, Nutrition Business J., *available at* http://newhope360.com/managing-your-business/2007-nutrition-industry-overview (last visited Apr. 4, 2011).

has created in the minds of consumers, and obtain redress for those who have purchased Osteo Bi-Flex products.  Plaintiff alleges violations of the Consumers Legal Remedies Act, the Unfair Competition Law, and Breach of Express Warranty created by Defendants' advertising, including false labeling.

### JURISDICTION AND VENUE

15.    The Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the class are citizens of a state different from Defendants.

16.    The Court has personal jurisdiction over Defendants because Defendants are authorized to do and conduct business in California.  Defendants have marketed, promoted, distributed, and sold the Osteo Bi-Flex products in California, and Defendants have sufficient minimum contacts with the State and/or sufficiently avail themselves of the markets in this State through their promotion, sales, and marketing within this State to render the exercise of jurisdiction by the Court permissible.

17.    Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while she resided in the judicial district.  Venue is also proper under 18 U.S.C. §1965(a) because Defendants transact substantial business in this District.

### PARTIES

18.    Plaintiff Liliana Cardenas resides in Roseville, California.  During the Class Period, Plaintiff Cardenas was exposed to and saw Defendants' claims by reading the Osteo Bi-Flex label, purchased the Osteo Bi-Flex products in reliance on those claims, and suffered injury in fact and lost money.  Had Plaintiff Cardenas known the truth about Defendants' misrepresentations and omissions, Plaintiff would not have purchased and used the Osteo Bi-Flex products.

19.    Defendant NBTY Inc. ("NBTY") is a corporation organized and existing

under the laws of the state of Delaware.  Defendant NBTY's headquarters is at 2100 Smithtown Ave., Ronkonkoma, New York 11779.

20.    Defendant Rexall Sundown Inc. ("Rexall") is a corporation organized and existing under the laws of the state of Florida.  Defendant Rexall's headquarters is at 2100 Smithtown Ave., Ronkonkoma, New York 11779.

21.    Defendant NBTY together with Defendant Rexall Sundown, have manufactured, advertised, marketed, distributed, or sold, the Osteo Bi-Flex products to tens of thousands of consumers in California.

22.    Plaintiff is informed and believes, and thus alleges, that at all times herein mentioned, each of the Defendants was the agent, employee, representative, partner, joint venturer, and/or alter ego of the other Defendant and, in doing the things alleged herein, was acting within the course and scope of such agency, employment, representation, on behalf of such partnership or joint venture, and/or as such alter ego, with the authority, permission, consent, and/or ratification of the other Defendant.

## FACTUAL ALLEGATIONS

*The Osteo Bi-Flex Products*

23.    Defendants develop, manufacture, market, distribute and sell a line of joint supplements under the Osteo Bi-Flex brand name.  These Products include: (1) Osteo Bi-Flex One Per Day; (2) Osteo Bi-Flex Triple Strength; (3) Osteo Bi-Flex Double Strength; (4) Osteo Bi-Flex Triple Strength with Vitamin D; (5) Osteo Bi-Flex MSM; (6) Osteo Bi-Flex Energy Formula; (7) Osteo Bi-Flex Regular Strength; and (8) Osteo Bi-Flex Advanced.  Defendants began manufacturing, marketing and selling the Osteo Bi-Flex products nationwide in 1996.

24.    The Osteo Bi-Flex products are sold in virtually every major food, drug, and mass retail outlet store in California, including, but not limited to: Wal-Mart, Costco

Wholesale, Sam's Club, Target, and Walgreens.   A 120-count bottle of Osteo Bi-Flex retails for approximately $27.00.   The following are screen shots of the Products:



25.     Since the Products' launch, Defendants have consistently conveyed the message to consumers throughout California that Osteo Bi-Flex will "promote mobility", "renew cartilage", "maintain healthy connective tissue" and  "improve[] joint comfort" simply by taking the recommended number of tablets each day.   These claims are not substantiated by competent scientific evidence and are factually baseless.

26.     The primary active ingredients in all the Osteo Bi-Flex products are glucosamine hydrochloride and chondroitin sulfate.   Glucosamine is an amino sugar that the body produces and distributes in cartilage and other connective tissue.   Chondroitin sulfate is a complex carbohydrate found in the body's connective tissues. There is no

competent scientific evidence that taking any of these ingredients—let alone through oral administration—results in the body metabolizing it into something that relieves the three symptoms of arthritis.

27.    All of the Osteo Bi-Flex products also contain lesser amounts of other ingredients including hyaluronic acid, a component of synovial fluid found in the fluids of the eyes and joints; methylsulfonylmethane ("MSM"), an organic sulfur compound found in fruits, corn, tomatoes, tea, coffee, and milk; vitamin D; and Defendants' 5-loxin advanced formula, a combination of MSM, chondroitin sulfate, vitamin C, hyaluronic acid, manganese collagen, and *boswellia serrata* (resin).   There is no competent scientific evidence that taking any of these ingredients—let alone through oral administration—results in the body metabolizing it into something that relieves the three major symptoms of arthritis.

28.    Contrary to the stated representations on all the Products' labeling and packaging, Defendants do not possess (and have not possessed) competent scientific evidence that any of these ingredients, taken alone or in combination, are effective in treating the three major symptoms of arthritis or any other joint related ailments.

29.    Despite inadequate testing and no scientifically valid confirmation that Osteo Bi-Flex is an effective joint treatment—let alone an effective treatment for *all* joints in the human body, for customers of *all* ages and for *all* stages of joint disease— Defendants state on the Products' packaging and labeling that Osteo Bi-Flex will, *inter alia*: "promote mobility", "renew cartilage", "maintain healthy connective tissue" and "improve[] joint comfort".   Front, back, and side shots of a representative Osteo Bi-Flex product label appear as follows:

. . .

. . .

- 8 -



Copies of all Osteo Bi-Flex product labels are attached hereto as Exhibit A.

***The Impact Of Defendants' Wrongful Conduct***

30.     Despite the lack of competent scientific evidence, Defendants continue to unequivocally claim that Osteo Bi-Flex provides joint health benefits to all persons.

31.     As the manufacturer and distributor of Osteo Bi-Flex, Defendants possess specialized knowledge regarding the content and effects of the ingredients contained in their Products and are in a superior position to learn of the effects—and have learned of the effects—their Products have on consumers.

32.     Specifically, Defendants knew or should have known, but failed to disclose that they have no competent scientific evidence that their Osteo Bi-Flex products are effective in treating the three major symptoms of arthritis or other joint related ailments.

33.     Notwithstanding these deceptive representations and material omissions, Defendants conveyed and continue to convey one uniform message: Osteo Bi-Flex is

effective in treating the three major symptoms of arthritis.

34.     Plaintiff and Class members have been and will continue to be deceived or misled by Defendants' deceptive representations touting the effectiveness of the Osteo Bi-Flex products.  Plaintiff purchased and used the Osteo Bi-Flex products during the Class period and in doing so, read, considered and based her decisions to buy the Products on the above cited label representations.  Because the Products' sole purpose is to provide joint relief for the three major symptoms of arthritis, Defendants' representations and omissions were a material factor in influencing Plaintiff's decision to purchase and use the Osteo Bi-Flex products.  There is no other reason for Plaintiff to have purchased the Osteo Bi-Flex products and Plaintiff would not have purchased the Products had she known that Defendants did not possess competent scientific evidence to support the claims that they made about these Products.

35.     As a result, Plaintiff and the Class members have been damaged in their purchases of these Products and have been deceived into purchasing Products that they believed, based on Defendants' representations, were proven to be effective in treating the three major symptoms of arthritis and other joint related ailments when, in fact, they are not.

36.     Defendants, by contrast, reaped enormous profits from their false marketing and sale of these Products.

## CLASS ALLEGATIONS

37.     Plaintiff brings this action on behalf of herself and all other similarly situated California residents pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

> All California residents who, within the applicable statute of limitations, purchased the Osteo Bi-Flex products[3].

---

[3] The Osteo Bi-Flex products include: (1) Osteo Bi-Flex One Per Day; (2) Osteo Bi-Flex Triple Strength; (3) Osteo Bi-Flex Double Strength; (4) Osteo Bi-Flex Triple Strength with Vitamin D; (5) Osteo Bi-Flex MSM; (6) Osteo Bi-Flex Energy Formula; (7) Osteo Bi-Flex Regular Strength; and (8) Osteo Bi-Flex Advanced.

Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors, and those who purchased the Osteo Bi-Flex products for the purpose of resale.

38. Members of the Class are so numerous and geographically dispersed that joinder of all Class members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains many thousands of members. The precise number of Class members is unknown to Plaintiff.

39. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. The common legal and factual questions include, but are not limited to, the following:

- Whether Defendants have competent scientific evidence to support each of the claims that they made about their Products;

- Whether the claims discussed herein that Defendants made about their Products were or are misleading, or reasonably likely to deceive;

- Whether Defendants' alleged conduct violates public policy;

- Whether the alleged conduct constitutes violations of the laws asserted herein;

- Whether Defendants engaged in false and misleading advertising;

- Whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss;

- Whether Plaintiff and Class members are entitled to restitution, disgorgement of Defendants' profits, declaratory and/or injunctive relief; and

- Whether Plaintiff and Class members are entitled to an award of punitive and/or compensatory damages.

40. The claims asserted by Plaintiff in this action are typical of the claims of the members of the Class, as the claims arise from the same course of conduct by Defendants, and the relief sought is common. Plaintiff and Class members suffered uniform damages caused by their purchase of the Osteo Bi-Flex products manufactured,

marketed, and sold by Defendants.

41.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has retained counsel competent and experienced in both consumer protection and class litigation.

42.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.   The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually.  It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

43.    In the alternative, the Class also may be certified because Defendants have acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

44.    Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described, and requiring Defendants to provide full restitution to Plaintiff and Class members.

45.    Unless a Class is certified, Defendants will retain monies received as a result of their conduct that were taken from Plaintiff and Class members.  Unless a Class-

- 12 -

wide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

### COUNT I
**Violation of the Consumers Legal Remedies Act –Civil Code §1750 *et seq.***

46.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

47.     This cause of action is brought under the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* (the "Act").  Plaintiff is a consumer as defined by California Civil Code §1761(d).  Defendants' Osteo Bi-Flex products are goods within the meaning of the Act.

48.     Defendants violated and continue to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of Defendants' Osteo Bi-Flex products:

(5)     Representing that [the Osteo Bi-Flex products have] . . . characteristics, . . . uses [or] benefits . . . which [they] do not have.

*        *        *

(7)     Representing that [the Osteo Bi-Flex products are] of a particular standard, quality or grade, . . . if [they are] of another.

*        *        *

(9)     Advertising goods . . . with the intent not to sell them as advertised.

*        *        *

(16)    Representing that [the Osteo Bi-Flex products have] been supplied in accordance with a previous representation when [they have] not.

49.     Defendants violated and continue to violate the Act by representing and failing to disclose material facts on the Products labels and packages as described above when Defendants knew or should have known that the representations were

unsubstantiated, false and misleading and the omissions were of material facts.

50.   Pursuant to §1782(d) of the Act, Plaintiff and the Class seek a court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

51.   Pursuant to §1782 of the Act, by letters dated June 14, 2011, Plaintiff notified Defendants in writing by certified mail of the particular violations of §1770 of the Act and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to so act. Copies of the letters dated June 14, 2011 are attached as Exhibit B.

52.   Defendants failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act.  Therefore, Plaintiff further seeks claims for actual, punitive and statutory damages, as appropriate.

53.   Defendants' conduct is malicious, fraudulent and wanton.

**COUNT II**
**Violation of Business & Professions Code §17200, *et seq*.**

54.   Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

55.   As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' conduct because she purchased the Osteo Bi-Flex products.

56.   In the course of conducting business, Defendants committed unlawful business practices by, *inter alia*, making the representations (which also constitute advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770, Business & Professions Code §§17200, *et seq.*, 17500, *et seq.*, and the common law.

57.   Plaintiff and the Class reserve the right to allege other violations of law,

- 14 -

which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

58.     Defendants' acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business and Professions Code §17200 *et seq.*, in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

59.     As stated in this complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws resulting in harm to consumers.  Plaintiff asserts violations of the public policy of engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code §17200 *et seq*.

60.     There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

61.     Defendants' claims, nondisclosures and misleading statements, as more fully set forth above, are also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200 *et seq*.

62.     Defendants' labeling and packaging as described herein, also constitute unfair, deceptive, untrue and misleading advertising.

63.     Defendants' conduct caused and continues to cause substantial injury to Plaintiff and the other Class members.  Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unfair conduct.

64.     Plaintiff, on behalf of herself, and all other similarly situated California residents, seeks restitution of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting Defendants

from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

## COUNT III
### Breach of Express Warranty

65.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

66.     Plaintiff, and each member of the Class, formed a contract with Defendants at the time Plaintiff and the other members of the Class purchased the Osteo Bi-Flex products.  The terms of that contract include the promises and affirmations of fact made by Defendants on their Osteo Bi-Flex products' labels and packages, as described above. These representations constitute express warranties, became part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendants on the other.

67.     All conditions precedent to Defendants' liability under this contract have been performed by Plaintiff and the Class.

68.     Defendants breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing products that could provide the benefits described above which was the only reason Plaintiff and Class members purchased the Osteo Bi-Flex products.

69.     As a result of Defendants' breach of their warranty, Plaintiff and Class members have been damaged in the amount of the purchase price of the Osteo Bi-Flex products they purchased.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A.     Certifying the class as requested herein;

B.     Awarding Plaintiff and the proposed Class members damages;

C.    Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class members;

D.    Awarding declaratory and injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful practices as set forth herein, and directing Defendants to identify, with court supervision, victims of their conduct and pay them restitution and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful;

E.    Ordering Defendants to engage in a corrective advertising campaign;

F.    Awarding attorneys' fees and costs; and

G.    Providing such further relief as may be just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


DATED:  July 25, 2011                    BONNETT FAIRBOURN FRIEDMAN
                                       & BALINT, PC


By:   s/ Patricia N. Syverson
ANDREW S. FRIEDMAN
ELAINE A. RYAN
PATRICIA N. SYVERSON
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone: 602-274-1100

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
TODD D. CARPENTER
600 West Broadway, Suite 900
San Diego, California 92101
Telephone:   (619) 756-6978

FUTTERMAN HOWARD ASHLEY
& WELTMAN, P.C.
STEWART WELTMAN
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603

- 17 -

Telephone:  312-427-3600

Attorneys for Plaintiff