BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ELAINE A. RYAN (*admitted Pro Hac Vice*)
PATRICIA N. SYVERSON (203111)
2901 N. Central Ave., Suite 1000
Phoenix, AZ 85012
eryan@bffb.com
psyverson@bffb.com
Telephone:   (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
TODD D. CARPENTER (234464)
600 W. Broadway, Suite 900
San Diego, California 92101
tcarpenter@bffb.com
Telephone:  (619) 756-6978

FUTTERMAN HOWARD ASHLEY
& WELTMAN, P.C.
STEWART WELTMAN (*To be admitted Pro Hac Vice*)
122 S. Michigan Avenue, Suite 1850
Chicago, Illinois 60603
sweltman@futtermanhoward.com
Telephone:  (312) 427-3600

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIANA CARDENAS, On Behalf of Herself and All Other Similarly Situated California Residents,<br><br>   Plaintiff,<br><br>  v.<br><br>NBTY, INC., a Delaware corporation and REXALL SUNDOWN, INC., a Florida corporation,<br><br>   Defendants. | Case No.:  2:11-CV-01615-LKK-CKD<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. VIOLATION OF THE UNFAIR COMPETITION LAW, Business and Professions Code §17200 *et seq.*;<br>2. VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, Civil Code §1750 *et seq.*; and<br>3. BREACH OF EXPRESS WARRANTY.<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Liliana Cardenas ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendants NBTY, Inc. and Rexall Sundown, Inc. (collectively "Defendants"), and alleges as follows:

## NATURE OF ACTION

1.     Defendants manufacture, market, sell and distribute Osteo Bi-Flex, a line of joint health dietary supplements.[1]  Through an extensive, widespread, comprehensive and uniform nationwide marketing campaign, Defendants claim that their Osteo Bi-Flex products will help promote mobility, renew cartilage, maintain healthy connective tissue and improve joint comfort for all joints in the human body, for adults of all ages and for all stages or variations of joint disease or ailments.  For example, on each and every Osteo Bi-Flex product label and/or package, Defendants prominently state that Osteo Bi-Flex helps to "promote mobility", "renew cartilage", "maintain healthy connective tissue" and improves joint comfort (hereafter referred to as the "joint renewal and rejuvenation" representations). However, the Osteo Bi-Flex products do not support joint renewal and rejuvenation.  Clinical cause and effect studies have found no causative link between the ingredients in the Osteo Bi-Flex products and the prevention or lessening of joint degeneration or relief from joint discomfort.  Defendants also do not have competent and reliable scientific evidence to support their representations.  Defendants' representations are false, misleading, and reasonably likely to deceive the public.

2.     Despite the deceptive nature of Defendants' representations, Defendants conveyed and continue to convey their deceptive joint renewal and rejuvenation representations through a variety of media, including in their print, radio and television advertisements, as well as on their Product packages and labeling, website and online promotional materials. The only reason a consumer would purchase the Osteo Bi-Flex

---

[1] The Osteo Bi-Flex line includes: (1) Osteo Bi-Flex One Per Day; (2) Osteo Bi-Flex Triple Strength; (3) Osteo Bi-Flex Double Strength; (4) Osteo Bi-Flex Triple Strength with Vitamin D; (5) Osteo Bi-Flex MSM; (6) Osteo Bi-Flex Energy Formula; (7) Osteo Bi-Flex Regular Strength; and (8) Osteo Bi-Flex Advanced (collectively, "Osteo Bi-Flex" or "the Products").

products is to obtain the advertised joint health benefits, which Osteo Bi-Flex does not provide.

3. Defendants' marketing and advertising campaign is designed to cause consumers to buy Osteo Bi-Flex. Defendants' deceptive marketing and advertising campaign has succeeded. Estimated sales of joint dietary supplements including Osteo Bi-Flex, approached $820 million in 2006.[2]

4. Plaintiff brings this action on behalf of herself and other similarly situated consumers who have purchased the Products to halt the dissemination of this false, misleading and deceptive advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased the Osteo Bi-Flex products. Plaintiff alleges violations of the Unfair Competition Law, the Consumers Legal Remedies Act, and Breach of Express Warranty created by Defendants' advertising, including false labeling.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and some of the members of the Class are citizens of states different from Defendants.

6. This Court has personal jurisdiction over Defendants because Defendants are authorized to do and do business in California. Defendants have marketed, promoted, distributed, and sold the Osteo Bi-Flex products in California and Defendants have sufficient minimum contacts with this State and/or sufficiently avail themselves of the markets in this State through their promotion, sales, distribution and marketing within this State to render the exercise of jurisdiction by this Court permissible.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b)

---

[2] 2007 Nutrition Industry Overview, Nutrition Business J., *available at* http://newhope360.com/managing-your-business/2007-nutrition-industry-overview (last visited Apr. 4, 2011).

because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while she resided in this judicial district. Venue is also proper under 18 U.S.C. §1965(a) because Defendants transact substantial business in this District.

## PARTIES

8. Plaintiff Liliana Cardenas resides in Roseville, California. Within the last year and a half, Plaintiff Cardenas was exposed to and saw Defendants' representations by reading the front, back and sides of the Osteo Bi-Flex Regular Strength label at a Rite Aid store in Roseville, California. After reading the label, Plaintiff Cardenas purchased the Osteo Bi-Flex product to relieve her joint pain and in so doing relied on every single one of Defendants' renewal and rejuvenation representations. The Osteo Bi-Flex Regular Strength Plaintiff purchased and took as directed did not help "promote mobility", "renew cartilage", "maintain healthy connective tissue" or improve joint comfort as represented. As a result, Plaintiff suffered injury in fact and lost money. She would not have purchased the Product had she known it did not provide the advertised joint health benefits.

9. Defendant NBTY, Inc. ("NBTY") is a corporation organized and existing under the laws of the state of Delaware. Defendant NBTY's headquarters is at 2100 Smithtown Ave., Ronkonkoma, New York 11779.

10. Defendant Rexall Sundown, Inc. ("Rexall") is a corporation organized and existing under the laws of the state of Florida. Defendant Rexall's headquarters is at 2100 Smithtown Ave., Ronkonkoma, New York 11779.

11. Defendant NBTY together with Defendant Rexall Sundown, have manufactured, advertised, marketed, distributed, or sold the Osteo Bi-Flex products to tens of thousands of consumers in California and throughout the United States.

12. Plaintiff is informed and believes, and thus alleges, that at all times herein mentioned, each of the Defendants was the agent, employee, representative, partner, joint venturer, and/or alter ego of the other Defendant and, in doing the things alleged

herein, was acting within the course and scope of such agency, employment, representation, on behalf of such partnership or joint venture, and/or as such alter ego, with the authority, permission, consent, and/or ratification of the other Defendant.

## FACTUAL ALLEGATIONS

*The Osteo Bi-Flex Products*

13. Since 1996, Defendants have developed, manufactured, marketed, distributed and sold a line of joint supplements under the Osteo Bi-Flex brand name. These Products include: (1) Osteo Bi-Flex One Per Day; (2) Osteo Bi-Flex Triple Strength; (3) Osteo Bi-Flex Double Strength; (4) Osteo Bi-Flex Triple Strength with Vitamin D; (5) Osteo Bi-Flex MSM; (6) Osteo Bi-Flex Energy Formula; (7) Osteo Bi-Flex Regular Strength; and (8) Osteo Bi-Flex Advanced.

14. The Osteo Bi-Flex products are sold in virtually every major food, drug, and mass retail outlet store in California, including, but not limited to: Wal-Mart, Costco Wholesale, Sam's Club, Rite-Aid, Target, and Walgreens. The Osteo Bi-Flex products are available in 30, 75, 80, 120 and 150 count bottles, retailing for approximately $19.99 to $44.99. The following are screen shots of the Products:



   

15.     Since the Products' launch, Defendants have consistently conveyed the message to consumers throughout California that Osteo Bi-Flex will help to "promote mobility", "renew cartilage", "maintain healthy connective tissue" and improve joint comfort simply by taking the recommended number of tablets each day.  Defendants' renewal and rejuvenation representations are false, misleading and deceptive.

16.     Defendants represent that the claimed health benefits are achieved through the combination of ingredients in the Products.  The primary active ingredient - glucosamine hydrochloride – is in all the Osteo Bi-Flex products.  Glucosamine is an amino sugar that the body produces and distributes in cartilage and other connective tissue.  There is no competent and reliable scientific evidence that taking glucosamine―let alone through oral administration―results in the body metabolizing it into something that helps to promote mobility, renew cartilage, maintain healthy connective tissue or improve joint comfort.  In fact, clinical cause and effect studies have found no causative link between glucosamine hydrochloride supplementation and joint renewal or rejuvenation.

17.     The Osteo Bi-Flex products also contain Defendants' 5-LOXIN Advanced, which consists of a concentrated extract of *Boswellia Serrata* ("AKBA").[3]  AKBA is a gum resin extracted from an herb.  Defendants' claim that the AKBA results in "improvement in joint comfort within 7 days."  There is no competent and reliable scientific evidence that taking AKBA―let alone through oral administration―helps to

---

[3] Osteo Bi-Flex Regular Strength is the only product without AKBA.

"promote mobility", "renew cartilage", "maintain healthy connective tissue" or improve joint comfort. Clinical cause and effect studies have been unable to confirm a cause and effect relationship between AKBA supplementation and joint renewal or rejuvenation.

18. The Osteo Bi-Flex products also contain lesser amounts of other ingredients. Chondroitin sulfate is in all but one of the Products.[4] Chondroitin sulfate is a complex carbohydrate found in the body's connective tissues. There is no competent and reliable scientific evidence that taking chondroitin—let alone through oral administration—helps to "promote mobility", "renew cartilage", "maintain healthy connective tissue" or improve joint comfort. Clinical cause and effect studies have found no causative link between chondroitin supplementation and joint renewal or rejuvenation.

19. Some of the Osteo Bi-Flex products also contain methylsulfonylmethane ("MSM"), an organic sulfur compound found in fruits, corn, tomatoes, tea, coffee, and milk.[5] There is no competent and reliable scientific evidence that taking MSM—let alone through oral administration—helps to "promote mobility", "renew cartilage", "maintain healthy connective tissue" or improve joint comfort. Clinical cause and effect studies have found no causative link between MSM supplementation and joint renewal or rejuvenation.

20. Some of the Osteo Bi-Flex products also contain hyaluronic acid, a component of synovial fluid found in the fluids of the eyes and joints.[6] There is no competent and reliable scientific evidence that taking hyaluronic acid—let alone through oral administration—helps to "promote mobility", "renew cartilage", "maintain healthy connective tissue" or improve joint comfort. Clinical cause and effect studies have found no causative link between hyaluronic acid supplementation and joint renewal or

---

[4] Osteo Bi-Flex One Per Day is the only product without chondroitin sulfate.
[5] Osteo Bi-Flex One Per Day and Osteo Bi-Flex Regular Strength are the only products without MSM.
[6] Osteo Bi-Flex Advanced , Osteo Bi-Flex One Per Day and Osteo Bi-Flex Regular Strength are the only products without hyaluronic acid.

rejuvenation.

21. Some of the Osteo Bi-Flex products also contain other ingredients such as vitamin D; vitamin C, manganese, boron and collagen. There is no competent and reliable scientific evidence that taking any of these ingredients―let alone through oral administration―results in the body metabolizing it into something that helps to "promote mobility", "renew cartilage", "maintain healthy connective tissue" or improve joint comfort. Clinical cause and effect studies have found no causative link between supplementation and joint renewal or rejuvenation.

22. The Product packages reference two studies purportedly supporting Defendants' "shows improvement in joint comfort" representation. No identifying information is included to enable consumers to locate and review the studies. Based on the limited descriptive information provided, the studies are not competent and reliable scientific support for Defendants' representations. In fact, clinical cause and effect studies have found no causative link between the ingredients in the Osteo Bi-Flex products and the prevention of joint degeneration or relief from joint discomfort. Thus, Defendants' citation to these studies as support for Defendants' joint comfort representations constitutes further deceptive and misleading conduct, in as much as the studies are not competent and reliable evidence of efficacy.

23. Even though several clinical cause and effect studies have found no causative link between any of the ingredients in the Osteo Bi-Flex products alone, or in combination, and without any scientifically valid confirmation that Osteo Bi-Flex is an effective joint treatment—let alone an effective treatment for *all* joints in the human body, for adults of *all* ages and for *all* stages of joint disease—Defendants continue to state on the Products' packaging and labeling that Osteo Bi-Flex helps to, *inter alia*: "promote mobility", "renew cartilage", "maintain healthy connective tissue" and improve joint comfort. Front, back, and side shots of a representative Osteo Bi-Flex Regular Strength product label appear as follows:

TOP | LEFT SIDE

 

RIGHT SIDE | BACK

 

Copies of all the Osteo Bi-Flex product labels are attached hereto as Exhibit A.

24. Defendants did not and do not have competent and reliable scientific evidence that any of the ingredients in their Osteo Bi-Flex products taken alone or in combination are effective at helping provide joint renewal or rejuvenation. Numerous clinical studies have resulted in a finding of no efficacy for the ingredients in the Osteo Bi-Flex products and the prevention of joint degeneration or relief from joint discomfort. Defendants' renewal and rejuvenation representations are false and misleading and reasonably likely to deceive the average consumer.

***The Impact of Defendants' Wrongful Conduct***

25. Despite inadequate and inapposite testing and the presence of several clinical studies that have found no causative like between the ingredients in the Osteo Bi-Flex products and joint renewal or rejuvenation, Defendants continue to unequivocally represent that the Osteo Bi-Flex products provide joint health benefits to all persons.

26. As the manufacturer and distributor of Osteo Bi-Flex, Defendants possess specialized knowledge regarding the content and effects of the ingredients contained in their products and are in a superior position to learn of the effects - and have learned of the effects - their products have on consumers.

27. Specifically, Defendants affirmatively misrepresented that the Osteo Bi-Flex products help to "promote mobility", "renew cartilage", "maintain healthy connective tissue" and improve joint comfort.  Having made these affirmative misrepresentations, Defendants failed to disclose that well-conducted, clinical cause-and-effect studies have found no causative relationship between the active ingredients and the prevention of joint degeneration or relief from joint discomfort and Defendants have no competent and reliable scientific evidence that their Osteo Bi-Flex products are effective in helping provide joint renewal or rejuvenation as represented.

28. Notwithstanding these deceptive representations and material omissions, Defendants conveyed and continue to convey one uniform message: Osteo Bi-Flex will

help "promote mobility", "renew cartilage", "maintain healthy connective tissue" and improve joint comfort for all joints in the human body, for adults of all ages and for all stages of joint disease.

29. Plaintiff and Class members have been and will continue to be deceived or misled by Defendants' deceptive joint renewal and rejuvenation representations. Plaintiff purchased and consumed the Product during the Class period and in doing so, read and considered the product labels and based her decision to buy the Products on the joint renewal and rejuvenation representations. Defendants' deceptive representations and omissions were a material factor in influencing Plaintiff's decision to purchase and consume the Product. Plaintiff would not have purchased the Product had she known that Defendants' representations were false and misleading, that Defendants did not possess competent and reliable scientific evidence to support their joint renewal and rejuvenation representations, and that clinical cause-and-effect studies have found no causative link between the ingredients in Osteo Bi-Flex and joint renewal or rejuvenation.

30. As a result, Plaintiff and the Class members have been damaged in their purchases of these Products in that they were deceived into purchasing Products that they believed, based on Defendants' representations, were proven effective in improving joint mobility, renewing cartilage, maintaining healthy connective tissue and improving joint comfort when, in fact, they are not.

31. Defendants, by contrast, reaped enormous profits from their false marketing and sale of these Products.

## CLASS ALLEGATIONS

32. Plaintiff brings this action on behalf of herself and all other similarly situated California residents pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

>All California residents who, within the applicable statute of limitations, purchased the Osteo Bi-Flex products.[7]
>
>Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors, and those who purchased the Osteo Bi-Flex products for the purpose of resale.

33. ***Numerosity***. The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of the Osteo Bi-Flex products who have been damaged by Defendants' conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

34. ***Existence and Predominance of Common Questions of Law and Fact***. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

- whether the claims discussed above are true, or are misleading, or objectively reasonably likely to deceive;
- whether Defendants' alleged conduct violates public policy;
- whether the alleged conduct constitutes violations of the laws asserted;
- whether Defendants engaged in false or misleading advertising;
- whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and
- whether Plaintiff and Class members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

35. ***Typicality***. Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members were injured through the uniform

---

[7] The Osteo Bi-Flex products include: (1) Osteo Bi-Flex One Per Day; (2) Osteo Bi-Flex Triple Strength; (3) Osteo Bi-Flex Double Strength; (4) Osteo Bi-Flex Triple Strength with Vitamin D; (5) Osteo Bi-Flex MSM; (6) Osteo Bi-Flex Energy Formula; (7) Osteo Bi-Flex Regular Strength; and (8) Osteo Bi-Flex Advanced.

misconduct described above, were subject to Defendants' deceptive joint renewal and rejuvenation representations accompanying each and every box of the Osteo Bi-Flex products which include the same primary active ingredient – glucosamine hydrochloride – and several other common ingredients.  Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

36. ***Adequacy of Representation***.  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Class.

37. ***Superiority***.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the Defendants.  It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

38. Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described, and requiring Defendants to provide full restitution to Plaintiff and Class members.

39. Unless a Class is certified, Defendants will retain monies received as a result of their conduct that were taken from Plaintiff and Class members. Unless a Class-wide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be deceived.

40. Defendants have acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

## COUNT I

### Violation of Business & Professions Code §17200, *et seq.*

41. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

42. Plaintiff Liliana Cardenas brings this claim individually and on behalf of the Class.

43. As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' conduct because she purchased Osteo Bi-Flex in reliance on Defendants' joint renewal and rejuvenation representations detailed above, but did not receive a product that supports joint renewal or rejuvenation.

44. The Unfair Competition Law, Business & Professions Code §17200, *et seq.* ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising. In the course of conducting business, Defendants committed unlawful business practices by, *inter alia*, making the representations (which also constitutes advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770 and Business & Professions Code §§17200, *et seq.*, 17500, *et seq.*, and the common law.

45. Plaintiff and the Class reserve the right to allege other violations of law,

which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

46. Defendants' actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Defendants engaged in false advertising, misrepresented and omitted material facts regarding their Osteo Bi-Flex product labels and packaging, and thereby offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

47. As stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws, resulting in harm to consumers. Defendants' acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code §17200, *et seq*.

48. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

49. Business & Professions Code §17200, *et seq.*, also prohibits any "fraudulent business act or practice."

50. Defendants' actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200, *et seq*.

51. Plaintiff and other members of the Class have in fact been deceived as a result of their reliance on Defendants' material representations and omissions, which are described above. This reliance has caused harm to Plaintiff and other members of the Class who each purchased Defendants' Osteo Bi-Flex products. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

52. As a result of their deception, Defendants have been able to reap unjust revenue and profit.

53. Unless restrained and enjoined, Defendants will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

54. Plaintiff, on behalf of herself and all others similarly situated, and the general public, seeks restitution and disgorgement of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting Defendants from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

## COUNT II

**Violations of the Consumers Legal Remedies Act – Civil Code §1750** *et seq.*

55. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

56. Plaintiff Liliana Cardenas brings this claim individually and on behalf of the Class.

57. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, *et seq*. (the "Act"). Plaintiff is a consumer as defined by California Civil Code §1761(d). Osteo Bi-Flex is a "good" within the meaning of the Act.

58. Defendants violated and continue to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the Osteo Bi-Flex products:

> (5) Representing that [Osteo Bi-Flex has] . . . approval, characteristics, . . . uses [and] benefits . . . which [it does] not have . . . .

*  *  *

    (7)    Representing that [Osteo Bi-Flex is] of a particular standard, quality or grade . . . if [it is] of another.

*   *   *

    (9)    Advertising goods . . . with intent not to sell them as advertised.

*   *   *

    (16)    Representing that [Osteo Bi-Flex has] been supplied in accordance with a previous representation when [it has] not.

    59.    Defendants violated the Act by representing and failing to disclose material facts on the Osteo Bi-Flex product labels and packaging, as described above, when they knew, or should have known, that the representations were unsubstantiated, were contrary to several clinical cause and effect studies finding the ingredients in all Osteo Bi-Flex products to be inefficacious, were false and misleading and that the omissions were of material facts they were obligated to disclose.

    60.    Pursuant to §1782(d) of the Act, Plaintiff and the Class seek a court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

    61.    Pursuant to §1782 of the Act, by letters dated June 14, 2011, Plaintiff notified Defendants in writing by certified mail of the particular violations of §1770 of the Act and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to so act.

    62.    Defendants failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act.  Therefore, Plaintiff further seeks claims for actual, punitive and statutory damages, as appropriate.

    63.    Defendants' conduct is malicious, fraudulent and wanton.

## COUNT III

## Breach of Express Warranty

64. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

65. Plaintiff Liliana Cardenas brings this claim individually and on behalf of the Class.

66. Defendants expressly warranted on each and every box of Osteo Bi-Flex that the Products help to "promote mobility", "renew cartilage", "maintain healthy connective tissue" and improve joint comfort. These joint renewal and rejuvenation statements made by Defendants are affirmations of fact that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promises. Plaintiff read and placed importance on Defendants' joint renewal and rejuvenation representations.

67. All conditions precedent to Defendants' liability under this contract have been performed by Plaintiff and the Class.

68. Defendants breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing a product that would support joint renewal and rejuvenation as represented.

69. As a result of Defendants' breach of their contract, Plaintiff and the Class have been damaged in the amount of the price of the Products they purchased.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A. Certifying the Class as requested herein;

B. Awarding Plaintiff and the proposed Class members' damages;

C. Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class members;

D. Awarding injunctive relief as permitted by law or equity, including:

enjoining Defendants from continuing the unlawful practices as set forth herein, and directing Defendants to identify, with Court supervision, victims of their conduct and pay them all money they are required to pay;

      E.      Awarding statutory and punitive damages, as appropriate;

      F.      Ordering Defendants to engage in a corrective advertising campaign;

      G.      Awarding attorneys' fees and costs; and

      H.      Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

Dated: October 24, 2011

                BONNETT, FAIRBOURN, FRIEDMAN
                    & BALINT, P.C.


                s/ Patricia N. Syverson
                Elaine A. Ryan (*admitted Pro Hac Vice*)
                Patricia N. Syverson (203111)
                2901 N. Central Ave., Suite 1000
                Phoenix, AZ 85012
                eryan@bffb.com
                psyverson@bffb.com
                Telephone:  (602) 274-1100

                BONNETT, FAIRBOURN, FRIEDMAN
                & BALINT, P.C.
                Todd D. Carpenter (234464)
                600 W. Broadway, Suite 900
                San Diego, California 92101
                tcarpenter@bffb.com
                Telephone:  (619) 756-6978

                FUTTERMAN HOWARD ASHLEY
                & WELTMAN, P.C.
                Stewart Weltman (*To be admitted Pro Hac Vice*)

122 S. Michigan Avenue, Suite 1850
Chicago, Illinois 60603
sweltman@futtermanhoward.com
Telephone:  (312) 427-3600

Attorneys for Plaintiff