BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
ELAINE A. RYAN (*Admitted Pro Hac Vice*)
PATRICIA N. SYVERSON (203111)
2901 N. Central Ave., Suite 1000
Phoenix, AZ 85012
eryan@bffb.com
psyverson@bffb.com
Telephone:    (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
TODD D. CARPENTER (234464)
600 W. Broadway, Suite 900
San Diego, California 92101
tcarpenter@bffb.com
Telephone:  619-756-6978

FUTTERMAN HOWARD ASHLEY
& WELTMAN, P.C.
STEWART WELTMAN (*To be admitted Pro Hac Vice*)
122 S. Michigan Avenue, Suite 1850
Chicago, Illinois 60603
SWELTMAN@FUTTERMANHOWARD.COM
Telephone:  312-427-3600

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIANA CARDENAS, On Behalf of Herself and All Other Similarly Situated California Residents,<br><br>                    Plaintiff,<br><br>          v.<br><br>NBTY, INC., a Delaware corporation and REXALL SUNDOWN, INC., a Florida corporation,<br><br>                    Defendants. | Case No.:    2:11-CV-01615-LKK-CKD<br><br>CLASS ACTION<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date:          February 13, 2012<br>Time:          10:00 a.m.<br>Courtroom:  Sacramento Div.<br>                    Courtroom 4 |

# TABLE OF CONTENTS

**PAGE**

I.     INTRODUCTION ................................................................................ 1

II.    STATEMENT OF FACTS ............................................................. 2

III.   DEFENDANTS HAVE NOT SATISFIED THEIR HEAVY BURDEN ............... 4

IV.   ARGUMENT ................................................................................ 5

       A.      Plaintiff Has Standing To Assert Claims Based on The Advertised Representations Pertaining to All Osteo Bi-Flex Products. ......................... 5

       B.      Plaintiff Properly Alleges Claims for False and Deceptive Advertising ...... 9

       C.      Plaintiff's Claims Are Pled With The Requisite Specificity ..................... 11

             1.      Plaintiff's Claims Do Not "Sound in Fraud" And, Thus, Rule 8(a) Pleading Standards Apply ................................ 11

             2.      Plaintiff Has Satisfied Rule 8(a) ..................................... 13

             3.      Even if the Court Finds Plaintiff's Complaint Does Sound in Fraud, Plaintiff Has Satisfied Rule 9(b) Pleading Requirements ..................................................... 14

V.     CONCLUSION ................................................................................ 15

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Anthony v. General Motors Corp.*
33 Cal.App.3d 699 (1973) ................................................................. 6

*Bank of the West v. Valley Nat'l Bank*
41 F.3d 471 (9th Cir. 1994) .............................................................. 12

*Barrera v. Pharmavite, LLC*
No. CV 11-04153 (C.D. Cal. Sept. 19, 2011).............................. 11, 15

*Bell Atlantic Corp. v. Twombly*
127 S.Ct. 1955 (2007)...................................................................... 13

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ........................................................................... 4

*Brazil v. Dell, Inc.*
No. C-07-01700, 2008 WL 4912050 (N.D. Cal. 2008)...................... 6

*Bruno v. Quten Research Inst. LLC*
F.R.D. 2011 WL 5592880 (C.D. Cal. Nov. 11, 2011)....................... 6

*Cahill v. Liberty Mut. Ins. Co.*
80 F.3d 336 (9th Cir. 1996) ............................................................... 4

*Carideo v. Dell, Inc.*
706 F. Supp. 2d 1122 (W.D. Wash. 2010) ........................................ 7

*Carrea v. Dreyer's Grand Ice Cream, Inc*
No. C 10-01044, 2011 WL 159380 (N.D. Cal. Jan. 10, 2011)........... 7

*Chavez v. Blue Sky Natural Beverage Co.*
268 F.R.D. 365 (N.D. Cal. 2010)...................................................... 6

*Chavez v. Nestle, USA, Inc.*
No. CV 09-9192, 2011 WL 2150128 (C.D. Cal. May 19, 2011) ...... 11

*David K Lindemuth Co. v. Shannon Fin. Corp.*
637 F.Supp. 991 (N.D. Cal. 1986)................................................... 14

*Elias v. Ungar's Food Prods., Inc.*
252 F.R.D. 233 (D.N.J. 2008) ........................................................... 6

**PAGE**

*Ellis v. Costco Wholesale Corp.*
    657 F.3d 970 (9th Cir. 2011) .................................................................. 7

*Eminence Capital, LLC v. Aspeon, Inc.*
    316 F.3d 1048 (9th Cir. 2003) ............................................................... 15

*Erickson v. Pardus*
    127 S.Ct. 2197 (2007) .......................................................................... 13

*Fitzpatrick v. General Mills, Inc.*
    263 F.R.D. 687 (S.D. Fla. 2010) ............................................................. 9

*Fraker v. Bayer Corp.*,
    No. CV F 08-1564, 2009 WL 5865687 (E.D. Cal. May 4, 2011) ............................ 11, 15

*Greenwood v. Compucredit Corp.*
    No. 08-04787, 2010 WL 4807095 (N.D. Cal. Nov. 19, 2010) ........................... 6

*Hanlon v. Chrysler Corp.*
    150 F.3d 1011 (9th Cir. 1998) ................................................................ 8

*Hewlett–Packard v. Superior Ct.*
    167 Cal.App.4th 87 (2008) .................................................................... 6

*Hicks v. Morgan Stanley & Co.*
    No. 01 CIV. 10071(HB), 2003 WL 21672085 (S.D.N.Y July 16, 2003) .................. 6

*Holliday v. Jones*
    215 Cal. App. 3d 102 (1989) ................................................................. 8

*In re Ferrero Litig.*
    No. 11-205, 2011 WL 54389793 (S.D. Cal. Aug. 29, 2011) ......................... 14

*In re Mattel, Inc.*, *Toy Lead Paint Prods. Liab. Litig.*
    588 F. Supp. 2d at 1111 (C.D. Cal. 2008) ............................................... 12

*In re Rhythms Secs. Litig.*
    300 F.Supp.2d 1081 (D. Colo. 2004) ...................................................... 7

*In re Tobacco II Cases*
    46 Cal.4th 298 (2009) ..................................................................... 5, 9

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prods. Liab. Litig.*
    754 F.Supp.2d 1145 (C.D. Cal. 2010) .................................................... 4

ii

**PAGE**

*In re VeriSign, Inc.*
    No. C 02-02270, 2005 WL 88969 (N.D. Cal. 2005)................................................... 5, 6

*Johns v. Bayer Corp.*
    No. 09-cv-1935, 2010 WL 476688 (S.D. Cal. Feb. 9, 2010).............................. 7, 11, 12

*Kearns v. Ford Motor Co.*
    567 F.3d 1120 (9th Cir. 2009).................................................................................. 12, 14

*Laster v. T-Mobile USA, Inc.*
    407 F.Supp.2d 1181 (S.D. Cal. 2005) ........................................................................... 4

*Lino v. Small*
    No. 09cv1834 2011, WL 4353119 (S.D. Cal. Mar. 11, 2011)....................................... 10

*Loux v. Rhay*
    375 F.2d 55 (9th Cir.1967)........................................................................................... 10

*McKell v. Washington Mut., Inc.*
    142 Cal. App. 4th 1457 (2006) ................................................................................... 12

*Medrazo v. Honda*
    166 Cal.App.4th 89 (2008) ............................................................................................ 6

*Mlejnecky v. Olympus Imaging Am. Inc.*
    No 2:10-CV-02630, 2011 WL 1497096 (E.D. Cal. Apr. 19, 2011) ............................... 7

*Morey v. NextFoods Inc.*
    No. 10cv761, 2010 WL 2473314 (S.D. Cal. June 7, 2010) ................................... 8, 9, 10

*Nelson v. Mead Johnson Nutrition Co.*
    270 F.R.D. 689 (S.D. Fla. 2010) ................................................................................... 7

*Neubronner v. Milken*
    6 F.3d at 666 (9th Cir. 1993) ....................................................................................... 15

*Rikos v. Procter & Gamble Co.*
    782 F. Supp. 2d 522 (S.D. Ohio 2011) ................................................................. 8, 9, 10

*Robbins v. Hometown Buffet, Inc.*
    No. 94-1655-J (BTM), 1995 WL 908194 (S.D. Cal. Mar. 16, 1995) ........................... 14

*Syverson v. IBM Corp.*
    472 F.3d 1072 (9th Cir. 2007) ..................................................................................... 10

**PAGE**

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*
    551 U.S. 308 (2007) ............................................................................................. 9

*Vess v. Ciba-Geigy Corp. USA*
    317 F.3d 1097 (9th Cir. 2003) .................................................................. 12, 13

*Von Koening v. Snapple Beverage Corp.*
    713 F. Supp. 2d 1066 (E.D. Cal. 2010) .................................................. 14, 15

*Warsaw v. Xoma Corp.*
    74 F.3d 955 (9th Cir. 1996) ......................................................................... 14

*Westways World Travel, Inc. v. AMR Corp.*
    281 F.R.D. 223 (C.D. Ca. 2003) ................................................................... 8

**Other Authorities**

Bus. & Prof. Code §17200 ............................................................................... 1

Civil Code §1750 ............................................................................................. 1

Federal Practice and Procedure §1758.1 (3d ed. 2005) ................................. 7

**Rules**

Fed.R.Civ.P. 8(a) ............................................................................. 2, 11, 12, 13

Fed.R.Civ.P. 9(b) ............................................................................. 2, 12, 14, 15

Fed. R. Civ. P. 15(a)(2) .................................................................................. 16

Rule 12(b)(6) ................................................................................................ 4, 9

Plaintiff Liliana Cardenas ("Plaintiff") files this Opposition to Defendants NBTY, Inc.'s and Rexall Sundown, Inc.'s (collectively "Defendants") Motion to Dismiss the Second Amended Complaint ("Mot."). For the reasons set forth below, Defendants' Motion lacks merit and should be denied in its entirety.

## I.   INTRODUCTION

Plaintiff's Second Amended Complaint ("SAC") challenges Defendants' advertising campaign wherein Defendants conveyed a uniform joint health message on the packaging of their Osteo Bi-Flex products,[1] in commercial advertisements, on their website, and in other marketing media through their representations that the same core ingredients that are present in each of these Products help "promote mobility", "renew cartilage", "maintain healthy connective tissue" and improve joint comfort ("the joint health benefit claims"). Plaintiff's SAC asserts claims for violations of the Consumers Legal Remedies Act ("CLRA"), Civil Code §1750, *et seq.*, the Unfair Competition Law ("UCL"), Bus. & Prof. Code §17200, *et seq.*, and breach of express warranty created by Defendants' advertising. Defendants seek to dismiss Plaintiff's SAC on multiple grounds – all lacking merit.

Defendants first argue that Plaintiff lacks standing to assert claims, either individually or on behalf of the Class, because she purportedly did not view all of the advertising and representations that Defendants made about their Osteo Bi-Flex products and because she did not purchase each of the Osteo Bi-Flex products. Defendants' standing argument ignores that the conduct at issue involves Defendants' ***common course of conduct*** – an unfair and deceptive advertising campaign wherein Defendants uniformly make the same false representations about virtually identical Products and their purported ability to provide joint health benefits.

Next, simply ignoring and misconstruing the actual allegations of the SAC, Defendants recast this consumer protection action as something it is not - a lack of scientific

---

[1]The Osteo Bi-Flex products include: (1) Osteo Bi-Flex One Per Day; (2) Osteo Bi-Flex Triple Strength; (3) Osteo Bi-Flex Double Strength; (4) Osteo Bi-Flex Triple Strength with Vitamin D; (5) Osteo Bi-Flex MSM; (6) Osteo Bi-Flex Energy Formula; (7) Osteo Bi-Flex Regular Strength; and (8) Osteo Bi-Flex Advanced (collectively, "Osteo Bi-Flex" or "the Products").

substantiation case - and then argue that because there is no private right of action for unsubstantiated claims, Plaintiff's SAC should be dismissed in its entirety.  To the contrary, the SAC alleges false and deceptive advertising, namely that Defendants present a uniform message on all of the Products' packaging and advertising that the Products will provide specific joint health benefits when, in fact, the scientific evidence says they do not.  Plaintiff supports her allegations that Defendants' joint health benefit claims are false, misleading and likely to deceive the public by alleging that clinical cause and effect studies have found no causative link between the core active ingredients present in the Products and the prevention or lessening of joint degeneration or relief from joint discomfort.  In short, the scientific evidence demonstrates that these Products do not work as Defendants represent.  Making statements that a product has attributes which it does not have is deceptive advertising under the UCL and CLRA.  That the SAC further buttresses the foregoing, by alleging that Defendants have no competent scientific evidence to the contrary does not make this case a lack of substantiation case.  These latter allegations merely further corroborate the fact that the scientific evidence is clear that these products do not work as Defendants represent.

Finally, Defendants assert that Plaintiff's claims fail to meet the requirements of Fed.R.Civ.P. 9(b).  However, Fed.R.Civ.P. 8(a) pleading standards apply because the SAC does not "sound in fraud."  The SAC easily satisfies Rule 8(a)'s notice pleading standards.  Further, even if the Court finds the heightened standards of Rule 9(b) apply - which they do not - Plaintiff's allegations are particularly pled such that Rule 9(b) pleading requirements have been satisfied.

As more fully described below, Defendants' Motion to Dismiss should be denied.

## II.     STATEMENT OF FACTS

Defendants manufacture, distribute, and sell the Osteo Bi-Flex line of joint health dietary supplements comprised of eight virtually identical products.[2]  SAC ¶¶1, 13.  Each of

---

[2]  While Plaintiff believes that the identical nature of the Products and the corresponding misrepresentations has been plead in the SAC, to the extent that the Court deems it necessary for it to be pled more clearly, Plaintiff seeks leave to amend her Complaint.

the Osteo Bi-Flex products have the same two main ingredients – glucosamine and chondroitin sulfate. ¶¶16, 18.[3]

Since the Products' launch, Defendants have engaged in an extensive, nationwide advertising campaign, uniformly representing to consumers, including Plaintiff, the joint health benefits associated with taking Osteo Bi-Flex products. ¶¶1, 2, 28.  The core of Defendants' fraudulent representations concerning Osteo Bi-Flex consist of one overriding message with regard to each of the Products:  Osteo Bi-Flex will help "promote mobility", "renew cartilage", "maintain healthy connective tissue" and improve joint comfort for all joints in the human body for adults of all ages and for all stages of joint disease.  ¶28.  Defendants conveyed and continue to convey this deceptive message on the Products' packaging, and though a variety of media, including print, television, radio, website and online promotional materials. ¶¶1, 2, 15, 23, 27.  In fact, despite minor variations in the Products' packaging, each and every Product label states that Osteo Bi-Flex helps to "promote mobility", "renew cartilage", "maintain healthy connective tissue" and improve joint comfort.  ¶¶1, 2, 15, 23.  Similarly, all the Osteo Bi-Flex labels include the following graphic emphasizing the Products' purported joint health benefits (*see* ¶23):



In truth, Defendants' Osteo Bi-Flex products do not provide the promised joint health benefits.  ¶¶1, 24, 30.  Scientific studies have found no causative link between the ingredients in Osteo Bi-Flex and the prevention of joint degeneration or relief from joint discomfort – these studies demonstrate that the Products do not work as represented. ¶¶1, 16-23.  In addition, Defendants do not have any competent and reliable scientific evidence to counter

---

[3] Osteo Bi-Flex One Per Day is the only exception. It does not contain chondroitin sulfate.

these studies that have proven that Osteo Bi-Flex does not work as Defendants represent. ¶¶16-24.  Defendants' representations are thus false, misleading and reasonably likely to deceive the public. *Id.* ¶¶1, 15, 22, 24, 29.

During the last year and a half, Plaintiff Cardenas purchased Osteo Bi-Flex Regular Strength from a Rite-Aid store in Roseville, California. ¶8.  Prior to her purchase, Plaintiff was exposed to Defendants' advertising campaign. ¶29.  She saw and reviewed the label, including the joint health benefit claims.  ¶¶8, 29.  Indeed, the label reproduced in the Complaint mirrors the label Plaintiff read and relied upon in purchasing the Osteo Bi-Flex Product.  ¶23.  Defendants' joint health benefit claims were a material factor in Plaintiff's decision to purchase the Osteo Bi-Flex Product.  ¶29.  If Plaintiff had known that Defendants' representations were false and misleading, she would not have purchased Osteo Bi-Flex.  ¶¶8, 29.  As a result, Plaintiff has been damaged in the amount of the purchase price of the Product.  ¶30.

## III.   DEFENDANTS HAVE NOT SATISFIED THEIR HEAVY BURDEN

Defendants argue that Plaintiff's SAC should be dismissed with prejudice.  Not only is Defendants' "with prejudice" request premature, they have failed to demonstrate that dismissal is appropriate.[4]  To survive dismissal, a complaint must simply state "enough facts to state a claim for relief that is plausible on its face" and "suggest" the required elements of the plaintiff's claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007).  A claim may proceed even if actual proof is "improbable" and ultimate recovery "unlikely." *Id.*  The issue "is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim." *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1192 (S.D. Cal. 2005).  This Court must accept the factual allegations of the SAC as true and draw all reasonable inferences in favor of the Plaintiff. *Cahill,* 80 F.3d at 338; *see also In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prods.*

---

[4] Only under "extraordinary" circumstances is Rule 12(b)(6) dismissal with prejudice proper, such as where "plaintiff can prove no set of facts entitling [him] to relief." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).

4

*Liab. Litig.*, 754 F.Supp.2d 1145, 1169 (C.D. Cal. 2010).  Here, Plaintiff has properly pled her claims and dismissal is not warranted.

## IV.   ARGUMENT

### A.  Plaintiff Has Standing To Assert Claims Based on The Advertised Representations Pertaining to All the Osteo Bi-Flex Products.

Defendants' challenge Plaintiff's standing to pursue claims regarding: (1) the Osteo Bi-Flex products she did not purchase; and (2) advertisements she did not view.  Mot. at 9.  Neither of Defendants' standing arguments have merit.

As an initial matter, Defendants' contention that Plaintiff lacks standing to bring claims relating to the Osteo Bi-Flex products she did not purchase is a premature and erroneous Rule 23 typicality argument, made under the guise of a standing argument.  Plaintiff has standing to pursue her claims because she was injured by Defendants' misrepresentations.   In fact, Defendants admit Plaintiff has standing to pursue claims regarding Defendants' joint health benefit representations on the Osteo Bi-Flex Regular Strength packaging – the Osteo Bi-Flex product she purchased.  Mot. at 10.  This admission ends the standing inquiry since Article III standing is limited to a determination as to whether the named plaintiff has been injured and has individual standing.  *See, e.g., In re VeriSign, Inc.*, No. C 02-02270, 2005 WL 88969, at *4-5 (N.D. Cal. 2005) (named plaintiffs need only satisfy threshold standing, *i.e.*, that they suffered a concrete injury because of defendants' wrongdoing; they need not satisfy individual standing as to every injury alleged by the class); *see also In re Tobacco II Cases*, 46 Cal.4th 298, 314, 319 (2009) (standing is determined as to whether class representative has Article III standing, as well as UCL and CLRA standing which requires that plaintiff have "lost money or property" by the conduct, and once they have met those standards, the only other question is whether under Rule 23 there is a sufficient relationship between the class representative's claim and the class such that the named plaintiff can represent the class).

Following the initial standing determination, whether Plaintiff can represent Class members who purchased other Osteo Bi-Flex products is a determination to be made under

5

Rule 23 after a class certification record has been developed. *In re VeriSign, Inc.*, at *5. In this vein, District Courts in California have routinely held that whether a class representative "may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation." *Bruno v. Quten Research Inst., LLC*, -- F.R.D. --, 2011 WL 5592880, at *3 (C.D. Cal. Nov. 11, 2011) (citing cases and concluding that plaintiff had standing based on her purchase of defendants' liquid product and whether the plaintiff could represent a class of purchasers of defendants' gelcap products with similar but different representations would be analyzed "solely under Rule 23").[5]

When Plaintiff files her class certification motion, she will demonstrate that her claims are typical of all other purchasers of Osteo Bi-Flex products because all 8 Products are essentially the same: same name ("Osteo Bi-Flex"); same core active ingredients (glucosamine and chondroitin sulfate); and same joint health benefit representations. And, Plaintiff – like all other Osteo Bi-Flex purchasers - was injured by Defendants' uniform misrepresentations about these Products.[6]

Even if they were not identical in all material respects, Plaintiff would still have standing to pursue claims on behalf of those consumers who, like her, were injured as a result of the same common course of conduct. *See Brazil,* 2008 WL 4912050 at *5 (even though

---

[5] Both federal and state courts have found that where it is undisputed that plaintiff has Article III standing to bring a claim – like here – whether plaintiff can represent others with similar claims is a Rule 23 typicality/adequacy determination. *See, e.g., Greenwood v. Compucredit Corp.*, No. 08-04787, 2010 WL 4807095, at *3 (N.D. Cal. Nov. 19, 2010); *Brazil v. Dell, Inc.*, No. C-07-01700, 2008 WL 4912050 at *5 (N.D. Cal. 2008); *In re VeriSign, Inc.*, 2005 WL 88969, at *5; *Anthony v. General Motors Corp.*, 33 Cal.App.3d 699, 704 (1973); *see also Hicks v. Morgan Stanley & Co.*, No. 01 CIV. 10071, 2003 WL 21672085, at *5 (S.D.N.Y July 16, 2003); *see also* 7AA Wright, *et al.*, Federal Practice and Procedure §1758.1 (3d ed. 2005).
[6] *See, e.g., Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365, 378 (N.D. Cal. 2010) (finding typicality even though plaintiff did not purchase each product because the product line "bore substantially the same misrepresentation" and the class claims arose from the same facts and legal theory); *Medrazo v. Honda*, 166 Cal.App.4th 89, 98-99 (2008) (purchaser of one make of motorcycle found to be typical of purchasers of three other makes of motorcycles because the conduct at issue was defendant's overall sales practices); *Hewlett–Packard v. Superior Ct.*, 167 Cal.App.4th 87 (2008) (allowing class to consist of many models that the named plaintiff had not purchased); *Elias v. Ungar's Food Prods., Inc.*, 252 F.R.D. 233, 244 (D.N.J. 2008) ("[T]he fact that the named plaintiffs did not purchase some of the products at issue does not render plaintiffs' claims atypical from the potential class members nor does it defeat commonality.").

plaintiffs had not purchased all of products sought to be included in the class, they were allowed to represent class of purchasers of many different products where defendant made the same misrepresentations regarding all products); *Carideo v. Dell, Inc.,* 706 F. Supp. 2d 1122, 1134 (W.D. Wash. 2010) (plaintiff allowed to include in class a computer model he did not purchase but for which he pleaded the "same core factual allegations and causes of action"); *see also In re Rhythms Secs. Litig.*, 300 F. Supp. 2d 1081, 1085-86 (D. Colo. 2004) (finding named plaintiff could  assert claims based on defendants' "common course of conduct" even though plaintiff may not have personally experienced all the misrepresentations).[7]   It is Defendants' common course of conduct - their uniform, long-term advertising campaign conveying that all the Osteo Bi-Flex products had the exact same overall joint health benefits message – that is at issue in this case.  ¶¶2, 13, 15, 28.  This identical message is on ***each and every*** Osteo Bi-Flex product label.   ¶23.   Thus, Plaintiff's exposure to the Osteo Bi-Flex Regular Strength conveyed the same message as exposure to any of the other essentially identical Products would have.  Moreover, whether the Products are essentially the same product is a question of fact and not one that should be determined on a motion to dismiss.[8]

Finally, that Plaintiff may not have seen ***every*** advertisement for the Osteo Bi-Flex products does not defeat her standing to pursue her claims.  A plaintiff has standing if she has

---

[7]  *See also Nelson v. Mead Johnson Nutrition Co.*, 270 F.R.D. 689, 695 (S.D. Fla. 2010) ("Defendant devotes much attention to specific representations regarding the quality and contents of Enfamil® LIPIL®, and which ones Plaintiff viewed or relied upon.  Defendant, however, ignores the 'essential characteristics of Plaintiff's claim.  Although the precise wording of the representations is varied, the bedrock of Plaintiff's [false advertising] claim is consistent:  Defendant deceptively led the consuming public to believe that Enfamil® LIPIL® provided infants with something that other infant formulas did not."); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979 (9th Cir. 2011) (plaintiff (an assistant general manager ("AGM")) was found to have standing on behalf of both AGMs and GMs because both were similarly denied promotions).
[8]  The three cases cited by Defendants are distinguishable.  *Carrea v. Dreyer's Grand Ice Cream, Inc.,* No. C 10-01044, 2011 WL 159380, at *1, *3 (N.D. Cal. Jan. 10, 2011) (the products involved were entirely different products with different names – whereas here the products are the same - they all have the same primary active ingredients – the same core misrepresentations and all are named Osteo Bi-Flex.);  *Johns v. Bayer Corp.*, No. 09-cv-1935, 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010) (two entirely different products); *Mlejnecky v. Olympus Imaging Am. Inc.*, No 2:10-CV-02630, 2011 WL 1497096, at *4 (E.D. Cal. Apr. 19, 2011) (two entirely different products).  Moreover, to the extent that these cases run counter to the authority set forth in footnotes 5 and 6 and accompanying text, they are contrary to the vast weight of authority and should not be followed.

7

been the "direct object of ***some aspect*** of the Defendant's conduct." *Holliday v. Jones*, 215 Cal. App. 3d 102, 111 (1989) (emphasis added).   And, "[u]nder Rule 23's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members, they need not be substantially identical."   *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).   "[T]he named plaintiff need not have suffered an identical wrong. It is sufficient if his allegations are derived from the same remedial and legal theories. . . . A plaintiff who has been adversely impacted by the same wrongful course of conduct can represent a class of others who were similarly impacted." *Westways World Travel, Inc. v. AMR Corp.*, 281 F.R.D. 223, 235 (C.D. Cal. 2003).   Here, Plaintiff has alleged that she was the "direct object" of Defendants' common course of conduct (their uniform joint health benefit advertising campaign which makes the same uniform false and misleading misrepresentations regarding the virtually identical Osteo Bi-Flex products) and relied on Defendants' advertised joint health benefit representations in purchasing Defendants' Osteo Bi-Flex Product. ¶¶2, 8, 15, 28-29.   Plaintiff, like all others who purchased any of the Osteo Bi-Flex products, was injured by Defendants' common course of conduct.   To allow non-material differences in these products to result in Defendants not being held accountable for this common course of conduct would merely reward Defendants for creative packaging and eviscerate the heart of California's consumer fraud laws – consumer protection.

Moreover, courts have rejected similar contentions that plaintiffs should not be permitted to challenge the uniform joint health benefit claims made by Defendants (though the claims are the same) that are made in other forms of advertisements they may or may not have seen.  *See, e.g., Rikos v. Procter & Gamble Co.*, 782 F. Supp. 2d 522, 535 (S.D. Ohio 2011); *Morey v. NextFoods Inc.*, No. 10cv761, 2010 WL 2473314, at *2 (S.D. Cal. June 7, 2010).   In *Morey*, defendant argued that "Plaintiff cannot challenge advertisements that she was not exposed to and therefore, could not have relied upon in purchasing Goodbelly products."   The court found that "[a]t the pleading stage, however, a plaintiff is 'not required to plead with an unrealistic degree of specificity that the plaintiff relied on particular

advertisements and statements.'" 2010 WL 2473314, at *2 (citing *Tobacco II*, 46 Cal. 4th at 328); *Rikos*, 782 F. Supp. 2d at 535 (affirming *Morey*).[9]  The *Morey* court's holding makes sense. Were it otherwise, every class action would need a representative for every type of advertisement – one for radio, one for television, one for labeling, one for the internet, etc., despite the fact that, as Plaintiff alleges here, all of the advertisements carried the same message and misrepresentations.  Moreover, the core of Defendants' misrepresentations start and end with the packaging of the Products which on each package includes the same misrepresentations – misrepresentations that the SAC alleges Plaintiffs read and relied upon.

## B.  Plaintiff Properly Alleges Claims for False and Deceptive Advertising

Defendants attempt to cast Plaintiff's case as something it is not - a "lack of substantiation" case – rather than the false advertising case that it is.  Mot. at 11.[10]  In doing so, Defendants cherry pick allegations out of context and completely ignore other allegations that clearly demonstrate that this is not a lack of substantiation case.  It is black letter law that the Complaint must be read as a whole.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss.").  When read as a whole, Plaintiff does plead that the advertising statements are "false or misleading." Specifically, the SAC alleges that Defendants' joint health benefit claims are false, misleading and likely to deceive the public because: (1) the Products do not work as advertised; (2) clinical cause and effect studies have found the ingredients in the Products are not effective in preventing joint degeneration or relief from joint discomfort; and (3) as further corroboration of this, Defendants do not have competent and reliable scientific

---

[9]  *See also Fitzpatrick v. General Mills, Inc.*, 263 F.R.D. 687, 694 (S.D. Fla. 2010) (a plaintiff seeking to prove the deceptiveness of an advertisement "may rely on any evidence concerning that message, including the advertisements to which he or she was not personally exposed") (review granted by the Eleventh Circuit on unrelated issues)).
[10]  Likewise, Plaintiff does not allege a "nondisclosure claim." Mot. at 18.  Rather, Plaintiff's claims are premised on the fact that Defendants represented that their Osteo Bi-Flex products had certain joint health benefits when, in fact, those representations were false, misleading, likely to deceive consumers because, *inter alia*, the scientific evidence has demonstrated that they do not work as Defendants represent.

9

evidence to suggest otherwise.[11] *See, e.g.*, ¶¶2, 15-24, 27, 29-30, 59.  The Court is required to take these allegations as true.  *Syverson v. IBM Corp.*, 472 F.3d 1072, 1075 (9th Cir. 2007).[12]

Further, to the extent the Court finds Plaintiff's complaint includes a "lack of substantiation" claim,[13]  Defendants' contention that the "lack of substantiation" claims are improper has been rejected on several occasions and for good reason – representing that something has proven attributes when no such proof exists is false, deceptive and misleading.  For example, in *Rikos,* the plaintiff alleged that P&G's representations regarding the "clinically proven" digestive benefits of "Align," a daily food supplement, were false, misleading and reasonably likely to deceive because there was no clinical data showing that Align improved digestion.  P&G, like Defendants here, argued that these were improper "lack of substantiation claims."  2011 WL 1707209, at *3.  The court in *Rikos* soundly rejected this argument holding: "Defendant alleges that, in a false advertising case, plaintiff must plead and prove that the advertising statements are 'false or misleading'—which is exactly what Plaintiff pleads," and, therefore, the *Rikos* court declined to find that the plaintiff's complaint "was filed under an alleged 'lack of scientific substantiation' theory."  *Id.*; *see also Morey,* 2010 WL 2473314, at *1 (denying motion to dismiss where the plaintiff alleged that the defendants' advertising and labeling claims were false, misleading and reasonably likely to deceive the public because "the GoodBelly products have never been clinically tested and NextFoods has no basis to make these claims.").  Thus, even if one were to characterize

[11] To the extent that Defendants contend that this last prong is a lack of substantiation claim, such a contention takes it out of its context – a context in which Plaintiff has affirmatively plead that the accepted scientific evidence is that these products do not work as represented.

[12]  Contrary to Defendants' assertions, Plaintiff need not provide detailed factual allegations regarding the clinical cause and effect studies referenced in the SAC.  Plaintiff's allegations are sufficient to put Defendants on notice that studies have found Defendants' products do not work as represented and that their joint health benefit claims are false, misleading and deceptive.  Rule 8 requires nothing more.

[13] Defendants' continued references to the First Amended Complaint ("FAC") in this motion are nothing more than attempts to distract this Court from the actual allegations alleged against them in the operative SAC.  It is black letter law that once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  *See Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir.1967) ("The amended complaint supersedes the original, the latter being treated thereafter as nonexistent."); *Lino v. Small*, No. 09cv1834 2011 WL 4353119, at *4 (S.D. Cal. Mar. 11, 2011).  As such, even if the FAC was primarily a lack of substantiation case (which it is not), this Court is required to accept as true the allegations in Plaintiff's SAC.

Plaintiff's claims as alternatively relying upon a purported lack of substantiation claim, as these cases demonstrate that, regardless of what label one places upon the claim alleged, it is actionable conduct when a manufacturer makes false and misleading health benefit claims about a product without having competent scientific proof supporting those claims.

Defendants' citations to "lack of substantiation" cases are inapposite. *See, e.g.*, *Barrera v. Pharmavite, LLC*, No. CV 11-04153 (C.D. Cal. Sept. 19, 2011) (unlike here, the complaint in *Barrera* "primarily allege[d] the claims on defendant's labels lack substantiation.");[14] *Chavez v. Nestle, USA, Inc.*, No. CV 09-9192, 2011 WL 2150128 (C.D. Cal. May 19, 2011) (plaintiffs offered *no* support for the contention that lack of substantiation could render Defendant's claims misleading); *Fraker v. Bayer Corp.*, No. CV F 08-1564, 2009 WL 5865687 (E.D. Cal. May 4, 2011) (after the court struck the FTC allegations in the complaint, there was nothing else that alleged false and deceptive conduct on the part of the defendant).

Finally, Defendants' purported Rule 11 claim that Plaintiff failed to conduct a reasonable investigation prior to alleging her false and deceptive advertising claims is nonsensical. For example, Defendants' citation to *Johns v. Bayer,* No. 09CV1935, 2010 WL 476688 (S.D. Cal. Feb. 9, 2010) - where the court struck certain allegations because it determined the allegations were merely borrowed from a FTC complaint letter and not part of an independent investigation – has no application here where, as Defendants acknowledge, that Plaintiff did not borrow from a FTC or FDA complaint. In fact, Plaintiff's allegations are a result of Plaintiff's and counsel's independent investigation and there is nothing in the record – other than Defendants' *ipse dixit* - to support their unfounded Rule 11 contentions. As such, Defendants' rattling of the Rule 11 saber is without basis and should be rejected.

### C. Plaintiff's Claims Are Pled With The Requisite Specificity

#### 1. Plaintiff's Claims Do Not "Sound in Fraud" And, Thus, Rule 8(a) Pleading Standards Apply

---

[14] In *Barrera*, plaintiff filed an amended complaint that thereafter made clear, like the SAC here, that the defendant engaged in false and misleading advertising. The *Barrera* defendant answered the amended complaint rather than continuing to attempt to dismiss the action.

Plaintiff has pled claims for violations of the UCL and CLRA for "fraudulent" business practices – not common law fraud. Under the UCL, a "fraudulent" business practice "is one which is likely to deceive the public" and does not require actual falsity or fraud. *See McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1471 (2006); *see also Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("[F]raud is not an essential element of the California statutes [UCL and CLRA] on which plaintiff relies."). Indeed, "fraudulent" claims predicated on deceptive conduct only constitute actual fraud claims when the elements of common law fraud have been pled. *See Bank of the West v. Valley Nat'l Bank*, 41 F.3d 471, 477 (9th Cir. 1994) (the elements of actual fraud include a false "representation", "knowledge of falsity," "intent to defraud," "justiciable reliance," and "damages"); *Johns*, 2010 WL 476688, at *5 (holding that false advertising claims under the UCL and CLRA were not "grounded in fraud" and therefore, Rule 9 did not apply because plaintiff did not allege all the elements of fraud, namely, knowledge of falsity or intent to induce reliance). Unless a "fraudulent" business practice claim is specifically predicated on common law fraud, the principles of Rule 8(a) notice pleading apply. *See In re Mattel, Inc.*, *Toy Lead Paint Prods. Liab. Litig.*, 588 F. Supp. 2d 1111, 1118 (C.D. Cal. 2008).

Here, Plaintiff alleges that Defendants' misrepresentations and omissions are likely to and did deceive reasonable consumers.[15] *See, e.g.*, ¶¶3, 8, 29-30, 51. Plaintiff does not allege intent or other elements of common law fraud.[16] Plaintiff's situation is similar to that in *In re Mattel, Inc.*, where the plaintiffs brought claims premised on the defendants making representations about its toy products that likely deceived the consuming public. 588 F. Supp. 2d at 1118. In that case, the court distinguished the plaintiffs' action from that in *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003), a case cited by Defendants

---

[15] Plaintiff's claim is that the Products are unable to provide the joint health benefits Defendants promised. Contrary to Defendants' argument, it is not "unreasonable" for consumers who are purchasing the Osteo Bi-Flex products to help them with their joint-related health problems to believe that a product advertised as having joint health benefits actually has those benefits.

[16] The *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) case, upon which Defendants rely, is distinguishable. There, the court found that the plaintiff's UCL claim sounded in fraud and therefore Rule 9(b) applied. *Id.* at 1127. However, in *Kearns*, unlike here, the plaintiff specifically alleged **all** the elements of common law fraud—including the element of "intent." *Id.*

12

here, because it determined that the plaintiffs' complaint neither specifically alleged fraud nor alleged facts that necessarily constituted fraud, whereas the plaintiffs in *Vess* had based their UCL claim on a fraudulent scheme.  *See id.*   Here, Plaintiff similarly alleges that the representations and material omissions Defendants made concerning the effectiveness of the Products are false, misleading and deceived Plaintiff and Class members into purchasing the Osteo Bi-Flex products.  Because Plaintiff's UCL and CLRA claims are not predicated on common law fraud, the principles of Rule 8(a) notice pleading apply.

### 2.  Plaintiff Has Satisfied Rule 8(a)

Plaintiff's allegations satisfy Rule 8(a) by providing "fair notice" of Plaintiff's claims. Plaintiff alleges that Defendants' Osteo Bi-Flex advertising campaign deceptively misrepresents the joint health benefits of the Products.  *See, e.g.*, ¶¶1, 2, 15-24, 26, 29, 50. Plaintiff alleges that Defendants' representations are further false and misleading because clinical cause and effect studies have found no causative link between the ingredients in Osteo Bi-Flex and the prevention of joint degeneration or relief from joint discomfort and Defendants do not have any competent and reliable scientific evidence to support their joint health claims.  *See, e.g.*, ¶¶1, 16-24, 27.  And, Plaintiff alleges that she relied on Defendants' joint health benefit claims in purchasing the Osteo Bi-Flex Product and as a result suffered damage in the amount of the purchase price.  *See, e.g.*, ¶¶8, 29-30.  Thus, Defendants are clearly on notice of the conduct of which it must defend against.

Defendants improperly attempt to hold Plaintiff to an unreasonable pleading standard for her claims, which are not grounded in fraud.  For example, Defendants argue that Plaintiff's allegations concerning "clinical cause and effect studies" are insufficient because she has not identified the researchers, the length or duration of the studies, or the methodology and specific conclusions.  Mot. at 15.  Plaintiff, however, need not prove her case at this stage of the litigation but need only give the defendant "fair notice of the claim and the grounds upon which it rests." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (*citing Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)). Plaintiff has done so.

**3. Even if the Court Finds Plaintiff's Complaint Does Sound in Fraud, Plaintiff Has Satisfied Rule 9(b) Pleading Requirements**

Even if Rule 9(b) is applied to all aspects of Plaintiff's claims, the particularity requirement must be read in harmony with Rule 8's requirements of a "short and plain" statement of the claim. *David K Lindemuth Co. v. Shannon Fin. Corp.*, 637 F.Supp. 991, 993 (N.D. Cal. 1986). Rule 9(b) only requires that any fraud allegations be "specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1124, 1126 (9th Cir. 2009); *Warsaw v. Xoma Corp.*, 74 F.3d 955, 960 (9th Cir. 1996) (under Rule 9(b), a pleading must "identif[y] the circumstances of the alleged fraud so that the defendant can prepare an adequate answer.").[17]

Indeed, it has been held that plaintiffs sufficiently "establish[ed] the time, place, and specific content requirements of Rule 9(b)" where they alleged that during a certain period of time the defendant made certain labeling claims on its drink products, submitted examples of the labels, explained what was misleading about the labels, and alleged that they would not have purchased the products had they known the truth. *Von Koening v. Snapple Beverage Corp*., 713 F. Supp. 2d 1066, 1077-78 (E.D. Cal. 2010); *In re Ferrero Litig.*, No. 11-205, 2011 WL 5438979, at *3 (S.D. Cal. Aug. 29, 2011) ("Plaintiffs also provide the 'when' by stating that the long term advertising campaign occurred during the Class Period[]. These allegations are sufficient to meet Rule 9(b)'s pleading standards.").

Here, the SAC describes a long-term advertising campaign and specifies the exact language Defendants have used to describe the Products on their packaging and advertisements, as well as attaching the specific Product label Plaintiff viewed. ¶¶2, 13, 15-28. Plaintiff further alleges the place the advertising was seen (the Product packaging), the place of purchase (Ride-Aid), the time of exposure, review and purchase (before purchasing

---

[17]Pursuant to Rule 9(b), allegations of knowledge may be alleged generally. *See Robbins v. Hometown Buffet, Inc*., No. 94-1655-J (BTM), 1995 WL 908194, at *2 (S.D. Cal. Mar. 16, 1995) (Rule 9(b) satisfied by generally alleging "that each Defendants knew of the falsity of the misrepresentations and omissions"). Here, Plaintiff has generally alleged Defendants knew of the falsity or deceptiveness of their representations. *See*, *e.g*., ¶¶25-28.

14

the Product a year and a half ago), which Osteo Bi-Flex Plaintiff purchased (Osteo Bi-Flex Regular Strength), and the specific joint health claims Plaintiff was exposed to and relied upon in making her purchase.  ¶¶8, 29.  Plaintiff further alleges she would not have purchased the Product had she known that clinical cause and effect studies have found that the ingredients in Osteo Bi-Flex do not provide the joint health benefits represented.  *Id*.  As such, the SAC meets Rule 9(b)'s requirements and provides all pertinent details concerning the content, place, and time of the particular deceptive misrepresentations made to the Plaintiff by Defendants.  These allegations are sufficiently particular for Defendants to defend themselves.  *See, e.g., Von Koening,* 713 F. Supp. 2d at 1077-78.

Thus, Plaintiff has undoubtedly put Defendants on notice by clearly pleading facts showing that Defendants (the "who") promised that Osteo Bi-Flex would provide joint health benefits (the "what") in their advertisements, including the Products labeling and packaging (the "where") going as far back as 1996 (the "when").  *See, e.g.*, ¶¶13, 15.  Rather than disclose their knowledge that the Osteo Bi-Flex products did not provide the promised benefits as advertised, Defendants continued to build on their deceptive messages and make more and more false promises (the "how"), which induced Plaintiff and others to purchase the Products (the "why").  *See, e.g.*, ¶¶15-30.  Defendants cannot genuinely contend that they are not now on "notice of the particular misconduct" against which they must defend.  *Neubronner v. Milken,* 6 F.3d at 666, 671-72 (9th Cir. 1993).  None of the cases cited by Defendants require more.

## V.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Second Amended Class Action Complaint should be denied in its entirety. If, however, the Court dismisses any portion of the Complaint, Plaintiff requests leave to amend.[18]

---

[18] *See* Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely given when justice so requires"); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("Dismissal with prejudice and without leave is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment.").  Indeed, in the cases Defendants rely on where the plaintiffs proffered less evidence than in this case, courts still granted leave to amend.  *See, e.g.*, *Fraker*, 2009 WL 5865687, at *10; *Barrera*, No. CV 2:11-04153 (same).

15

DATED: December 23, 2011        BONNETT FAIRBOURN FRIEDMAN
                                      & BALINT, PC

By:   *s/Patricia N. Syverson*
Elaine A. Ryan
Patricia N. Syverson
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone: 602-274-1100

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Todd D. Carpenter
600 West Broadway, Suite 900
San Diego, California 92101
Telephone:    (619) 756-6978

FUTTERMAN HOWARD ASHLEY
& WELTMAN, P.C.
Steward Weltman
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone: 312-427-3600

Attorneys for Plaintiff

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 23, 2011.

By: s/ Patricia N. Syverson

BONNETT FAIRBOURN FRIEDMAN
  & BALINT, PC
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
602-274-1100
602-274-1199 facsimile
Email: psyverson@bffb.com