**Elaine A. Ryan** (*admitted pro hac vice*)
eryan@bffb.com
**Patricia N. Syverson, SBN 203111**
psyverson@bffb.com
**BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.**
**2325 E. Camelback Road, Suite 300**
**Phoenix, AZ 85016**
**Telephone: (602) 274-1100**

*Attorneys for Plaintiff Liliana Cardenas*

**Alycia A. Degen, SBN 211350**
adegen@sidley.com
**David R. Carpenter, SBN 230299**
drcarpenter@sidley.com
**SIDLEY AUSTIN LLP**
**555 West Fifth Street, Suite 4000**
**Los Angeles, California  90013**
**Telephone:  (213) 896-6000**
**Facsimile:  (213) 896-6600**

**Kara L. McCall  (admitted *pro hac vice*)**
kmccall@sidley.com
**SIDLEY AUSTIN LLP**
**One South Dearborn Street**
**Chicago, IL 60603**
**Telephone: (312) 853-7000**
**Facsimile: (312) 853-7600**

*Attorneys for Defendants
NBTY, Inc. and Rexall Sundown, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LILIANA CARDENAS, On Behalf of Herself and All Other Similarly Situated California Residents,<br><br>           Plaintiff,<br><br>vs.<br><br>NBTY, INC., a Delaware corporation and REXALL SUNDOWN, INC., a Florida corporation,<br><br>           Defendants. | Case No. 2:11-cv-01615-LKK-CKD<br><br>**STIPULATION AND  ORDER ON PROTOCOL FOR PRODUCTION OF ELECTRONICALLY STORED INFORMATION** |

After conferring on these matters, Plaintiff and Defendants in the above-captioned action ("the Litigation") stipulate and agree to this Electronic Discovery Protocol ("EDP" or "Protocol").

**<u>Application</u>**

1.  The procedures and provisions set forth in this Protocol govern the production of "documents" and "electronically stored information" (as those terms are used in the Federal Rules of Civil Procedure) that are stored in electronic format, including paper documents that have been converted to an electronic format (collectively, "ESI"), in the Litigation. This agreement does not address, limit, or determine the relevance, discoverability, agreement to produce, or admission into evidence of electronically stored information ("ESI"). The Parties are not waiving the right to seek any discovery and are not waiving any objections to any discovery requests, and will meet and confer separately on the scope of production of ESI in response to any discovery requests. In the event that a Party has agreed to produce a particular source of responsive documents or electronically stored information but application of this Protocol would be unduly burdensome or impractical, the Party identifying the source will promptly notify the other Parties, who will then meet and confer concerning appropriate modifications of this Protocol with respect to that source.

**<u>Definitions</u>**

2.  "Discovery Materials" is defined as all products of discovery and all information derived there from, including, but not limited to, documents, objects and things, deposition testimony, interrogatory/request for admission responses, and any copies, excerpts or summaries thereof, produced by any Party in the above-captioned matter.

3.  Plaintiff and Defendants, as well as their officers, directors, employees, agents, and legal counsel, are referred to as the "Parties" solely for the purposes of this Protocol.

4.  "Plaintiff" as used herein shall mean Liliana Cardenas, as well as any other individually named plaintiff in this case or in any case that is consolidated with this matter.

**Discovery from Other Proceedings**.

5.     Within thirty (30) days after the entry of this Protocol, relevant discovery already produced by Defendants in other actions arising out of the promotion, marketing, distribution and sale of the Osteo Bi-Flex Products[1] and alleging unfair and deceptive health benefit claims, including other actions in federal court, state court, or state or governmental proceedings, will be produced in the same manner in which it was previously produced.

6.     With such production of documents previously produced, Defendants will also identify by name and position all custodians that have been previously identified as having responsive ESI in other litigation, as well as the sources of information that have been searched during prior ESI collection in other litigation.

7.     Within thirty (30) days after the production of materials from prior proceedings, the Requesting Party shall notify the Producing Party of any concerns they have with the form or content of the production, and the parties will meet and confer on those issues.

8.     To the extent that Plaintiffs request, and Defendants agree to produce, additional responsive information, paragraphs 9 through 24 below will govern the processing and production of that information.

**Production of Data, Generally**

9.     ESI, except for MS-Excel Worksheets, is to be produced in 300 DPI Group IV Monochrone Tagged Image File Format (.tiff or .tif) files. Tiff files shall be produced in single-page format along with image load files (.DII file and .OPT file and .LFP file). Except as described below for redacted documents, all documents are to be provided with extracted searchable text (.txt) files.

---

[1] The Osteo Bi-Flex line includes: (1) Osteo Bi-Flex One Per Day; (2) Osteo Bi-Flex Triple Strength; (3) Osteo Bi-Flex Double Strength; (4) Osteo Bi-Flex Triple Strength with Vitamin D; (5) Osteo Bi-Flex MSM; (6) Osteo Bi-Flex Energy Formula; (7) Osteo Bi-Flex Regular Strength; and (8) Osteo Bi-Flex Advanced (collectively, "Osteo Bi-Flex" or "the Products").

10. During the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed, and/or modified to .tiff, metadata values should be extracted and produced in a load file ("metadata load file").  All electronic format documents will be produced with extracted searchable text files (.txt).  The parties agree to meet and confer about (a) scanning the documents with optical character recognition ("OCR") and (b) sharing in the cost of such OCR.

11. To the extent they are available, the metadata values that are to be extracted and produced in the metadata load files (.DAT file using concordance standard delimiters) are:

<u>Metadata from Emails</u>:
Email Subject
Email Author
Email Recipient
Email cc
Email bcc
Email Received Date
Email Received Time
Email Sent Date
Email Sent Time

<u>Metadata from Electronic Files</u>:
File Name
File Author
File Created Date
File Created Time
File Extension

<u>Data for both Emails and Electronic Files</u>:
Custodian
Source
Original Path
MD5 Hash

12. To the extent reasonably available, the "Custodian," "Source" or "Original Path" field with respect to ESI gathered from an individual's hard drive will produce metadata sufficient to identify the individual custodian from whose hard drive such ESI has been gathered.

13. For all documents (for example, email) that contain an attachment, to the extent available, the following fields should be produced as part of the metadata load file to provide the parent/child or parent/sibling relationship:

Production Number Begin

Production Number End

Production Attachment Range Number Begin

Production Attachment Range Number End

Attachment Name

**Data to be Processed**

14. Data will be collected from active application files that do not require forensic recovery. The following file extensions will be processed. There may be relevant material containing file extensions that are not yet known. The parties agree to meet and confer in good faith regarding the production of those materials along with any inaccessible data or relational databases.

| Excel | PowerPoint | Word | Email |
|---|---|---|---|
| XLS | PPT | DOC | PST |
| XLSX | PPTX | DOCX | OST |
| XLSB | PPTM | DOCM | MSG |
| XLTX | POTX | DOTX | EML |
| XLTM | | DOTM | OFT |
| CSV | | DOT | EDB |
| | | RTF | NSF |

| Adobe Reader | Text Editors | Archive | |
|---|---|---|---|
| PDF | WPD | ZIP | |
| | TXT | RAR | |

15. The parties may de-duplicate identical ESI by custodian or across custodians. ESI will be considered duplicative if it has the same content excluding metadata. De-**duplication** of hard-copy documents may not be set at a threshold lower than 90%.

16. Except as described below for redacted documents, MS-Excel spreadsheets shall be produced in native format. The metadata load file shall contain a record for each native file produced. Each record shall contain a link to the produced MS-Excel spreadsheets via data values called "Native Link." Natively produced MS-Excel files will be named after the Production Number Begin (e.g., [Production Number Begin].xls). MS-Excel files will be produced with extracted

searchable text files (.txt).

17. Natively produced MS-Excel files will be accompanied by a reference file containing the name of the file and the bates number for each produced file.

**Production of Hard Copy Documents**

18. Hard copy documents will be scanned and provided in electronic format. The documents should be logically unitized (*i.e.,* contain correct document breaks: for example, a five-page fax consisting of a cover page and a four-page memo should be unitized as a five-page document). The parties agree to meet and confer about (1) scanning the documents with optical character recognition ("OCR") and (2) sharing the costs of such OCR.

**Bates Numbering**

19. Bates numbers and any confidentiality designations should be electronically branded one each produced .tiff image. Additionally, Bates numbers should:

    a. Be consistent across the entire production;

    b. Maintain a constant length (0-padded) across the entire production;

    c. Contain no special characters or embedded spaces; and,

    d. Be numerically sequential within a given document.

Attachments to documents will be assigned Bates numbers that directly follow the Bates numbers on the documents to which they were attached. If a Bates number or set of Bates numbers is skipped, the skipped number or set of numbers will be noted. In addition, wherever possible, each .tiff image will have its assigned Bates number electronically "burned" onto the image.

**Treatment of Family Members**

20. Email families will be produced unless a member of the family is being entirely withheld on the basis of the attorney-client privilege, work product doctrine, or other applicable privilege or doctrine, or for purposes of relevance.

21. Embedded documents will be extracted as separate documents when possible and

treated as attachments to the original document.  Compressed file types must be decompressed as separate documents and treated as attachments to the original document.

**Production of Redacted Documents**

22. To the extent that any document contains information that is redacted, those documents shall be produced in the form of a redacted .tiff image.

**Color**

21. Documents shall be produced in black and white in the first instance.  If a produced document contains color and that color is necessary to decipher the meaning, context, or content of the document, the Producing Party shall honor reasonable requests for either the production of the original document for inspection and copying or production of a color image of a document but only after the Parties have met and conferred and agreed on cost sharing.

**Production Media**

22. The Producing Party may provide ESI on either (a) readily accessible computer or electronic media, including without limitation CD_ROM, DVD, external hard drive with standard PC-compatible interface, or such other media as the parties may agree ("Production Media"), or (b) through a secure, password-protected FTP link.  If Production Media is provided, the Producing Party must affix a unique identifying label to each piece of Production Media, which must identify the date of the production and the corresponding production Bates range.  The Producing Party may password-protect the Production Media so long as the corresponding password is provided to the Requesting Party at the time the Production Media is shipped.  The Producing Party will only supply one copy of the Production Media to the Requesting Party.  If additional copies of the Production Media are sought from the Producing Party, the Requesting Party must pay for the cost incurred by the Producing Party to prepare the additional copies of the media, along with the actual cost of the media used.

**Dispute Procedures**

23.     The Parties agree to meet and confer to resolve any procedures or disputes that arise under this Protocol.

**Privilege Logs**

24.     The Producing Party will produce privilege logs in Excel, Word or a similar electronic format that allows text searching and organization of data.  A Producing Party will produce privilege logs within 60 days after production is complete.  When there is a chain of privileged emails, the Producing Party need only include one entry based on the top email in the chain, and need not log each email contained in the chain separately provided that any additional recipients appearing earlier in the email chain are clearly identified on the face of the privilege log. Email attachments must be listed in log entries, separate from their cover emails, but in a manner that makes clear which attachments accompany each respective email.  Redacted documents need not be logged as long as (a) for emails, the bibliographic information (*i.e.*, to, from, cc: and bcc: recipients, date, and time) is not redacted, and (b) for non-email documents, the redaction reason is noted on the face of the document in the redaction box.  Documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege that are dated on or after June 14, 2011 (the date of the filing of the initial Complaint in this matter) need not be logged.

1 **STIPULATED AND AGREED:**

| | |
|---|---|
| 2  LILIANA CARDENAS, on behalf of herself and all others similarly situated,<br>3  Plaintiff, | NBTY, INC. and REXALL SUNDOWN, INC.,<br>Defendants, |
| 4  By her attorneys: | By their attorneys: |
| 5  */s/ Patricia N. Syverson*<br>Elaine A. Ryan, *pro hac vice*<br>6  Patricia N. Syverson, SBN 203111<br>BONNETT, FAIRBOURN, FRIEDMAN<br>7  & BALINT, P.C.<br>2325 E. Camelback Road, Suite 300<br>8  Phoenix, AZ 85016<br>afriedman@bffb.com<br>9  eryan@bffb.com<br>10  psyverson@bffb.com<br>Telephone: (602) 274-1100 | */s/ Kara L. McCall*<br>Kara L. McCall, *pro hac vice*<br>SIDLEY AUSTIN LLP<br>One South Dearborn Street<br>Chicago, IL 60603<br>(312) 853-7000<br>kmccall@sidley.com<br><br>Alicia A. Degen, SBN 211350<br>David R. Carpenter, SBN 230299<br>SIDLEY AUSTIN LLP<br>555 West Fifth Street<br>Los Angeles, CA 90013<br>(213) 896-6000<br>drcarpenter@sidley.com |

**IT IS SO ORDERED:**

/s/ Carolyn K. Delaney

Hon. Carolyn K. Delaney
United States Magistrate Judge

9/5/2012

Dated